UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RATKO MENJAK,

      Plaintiff,

                              Case Number: 11-10419

v.                                 Hon. Thomas L. Ludington

DELPHI CORPORATION,

      Defendant.

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR HOLD PROCEEDINGS IN ABEYANCE, DIRECTING SUPPLEMENTAL BRIEFING AND ADMINISTRATIVELY CLOSING THE CASE

On February 2, 2011, Plaintiff Ratko Menjak ("Plaintiff") filed a complaint [Dkt. #1] against Defendant Delphi Automotive Corporation ("Defendant" or "Delphi Automotive"), alleging violation of the Age Discrimination in Employment Act as a result of the September 2009 termination of his employment. Plaintiff, who was 64 at the time his employment was terminated, alleges in his complaint that Defendant wrongfully terminated him because of his age, hired younger employees before his discharge, and retained younger employees whose relative contributions were less than Plaintiffs.

Defendant filed a motion to dismiss or, in the alternative, hold proceedings in abeyance [Dkt. #6] on March 11, 2011. Defendant contends that Plaintiff's complaint should be dismissed because his claims are barred and enjoined by the orders of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered in Defendant's Chapter 11 bankruptcy cases. Furthermore, Defendant contends that if Plaintiff's claims are not barred and enjoined, he cannot receive a distribution from Defendant without obtaining leave to file an administrative claim with the Bankruptcy Court. Plaintiff filed an untimely response on April 6,

2011 [Dkt. #8], arguing that his claims are exempt from the Bankruptcy Court's orders because Defendant's acts of age discrimination are willful misconduct under 29 U.S.C. § 626(b). In its reply [Dkt. #9], Defendant restates its position that Plaintiff's claims were discharged because assuming, *arguendo*, that Defendant terminated Plaintiff's employment because of his age, such conduct is not the fraudulent, malicious, or willful type of conduct excepted from discharge under the Bankruptcy Court's Reorganization Plan. Furthermore, Defendant believes that the Bankruptcy Court is the proper forum to litigate any dischargeability issue and requests that this Court hold the instant proceedings in abeyance until Plaintiff's request for relief has been determined by the Bankruptcy Court.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons provided below, the Court will grant Defendant's motion to dismiss or hold proceedings in abeyance.

**I**

**A**

On October 8 and 14, 2005, Delphi Corporation ("Delphi") and certain of its domestic affiliates (including without limitation, Delphi Automotive Systems LLC ("DAS LLC") and collectively referred to herein as the "Debtors"), filed petitions for reorganization relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. On December 10, 2007, in the chapter 11 cases *In re Delphi Corporation, et al.*, Case No. 05-44481 (Bankr. S.D.N.Y.) (n/k/a *In re DPH Holdings Corp., et al.*),

the Debtors filed their first amended joint plan of reorganization (the "Plan") and related disclosure statement (the "Disclosure Statement") and on January 25, 2008, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Plan, as modified (the "Confirmed Plan"). The Confirmation Order became final on February 4, 2008.

On June 16, 2009, in the chapter 11 cases *In re Delphi Corporation, et al.*, Case No. 05-44481 (Bankr. S.D.N.Y.) (n/k/a *In re DPH Holdings Corp., et al.*), the Debtors filed the "First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession (As Modified)" (the "Modified Plan"). The Modified Plan made certain modifications to the terms of the Confirmed Plan. To comply with the requirements of 11 U.S.C. §§ 1125 and 1127, on the same date, the Debtors filed a supplement to the Disclosure Statement (the "Supplement"). In connection with the Debtors' Modified Plan and the Supplement, the Debtors sought an order from the Bankruptcy Court, among other things, approving the Supplement as containing adequate information, as defined under 11 U.S.C. § 1125, authorizing the solicitation of votes on the Modified Plan, and establishing a bar date for the submission of claims asserting administrative expense priority under 11 U.S.C. § 503(b). In connection therewith, and after notice and a hearing, on June 16, 2009, the Bankruptcy Court entered a certain Order (A)(I) Approving Modifications To Debtors' First Amended Plan Of Reorganization (As Modified) And Related Disclosures And Voting Procedures And (II) Setting Final Hearing Date To Consider Modifications To Confirmed First Amended Plan Of Reorganization And (B) Setting Administrative Expense Claims Bar Date And Alternative Transaction Hearing Date (the "Modification Procedures Order"). Paragraphs 38 and 41 of the Modification Procedures Order provide the following:

> any party that wishes to assert an administrative claim under 11 U.S.C. § 503(b) for the period from the commencement of these cases through June 1, 2009 shall file a

> proof of administrative expense (each, an "Administrative Expense Claim Form") for the purpose of asserting an administrative expense request, including any substantial contribution claims (each, an "Administrative Expense Claim" or "Claim") against any of the Debtors. July 15, 2009 at 5 :00 p.m. prevailing Eastern time shall be the deadline for submitting all Administrative Expense Claims (the "[Initial] Administrative Expense Bar Date") for the period from the commencement of these cases through June 1,2009.

Modification Procedures Order ¶ 38.

> any party that is required but fails to file a timely Administrative Expense Claim Form shall be forever barred, estopped and enjoined from asserting such claim against the Debtors, and the Debtors and their property shall be forever discharged from any and all indebtedness, liability, or obligation with respect to such claim.

Modification Procedures Order ¶ 41.

Notice of the Initial Administrative Expense Bar Date was provided to Plaintiff via United States mail on or prior to June 20, 2009. (Def.'s Mot. for Summ. J. Ex. 2.) In addition to providing direct service through the mailing of applicable documents, as provided in paragraph 42 of the Modification Procedures Order, notice of the Initial Administrative Expense Bar Date was also published in the Detroit Free Press, the New York Times (national edition), the Wall Street Journal (national, European, and Asian editions), and USA Today (worldwide) as required by paragraph 43 of the Modification Procedures Order. Pursuant to paragraph 44 of the Modification Procedures Order, satisfaction of direct notice and publication notice constitutes adequate and sufficient notice of the Initial Administrative Expense Bar Date and is deemed to satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the Bankruptcy Court.

On July 30, 2009, the Bankruptcy Court entered its Order Approving Modifications Under 11 U.S.C. § 1127(b) to (I) First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession, as Modified and (II) Confirmation Order (the "Modification Approval Order"), which confirmed the Debtors' Modified Plan. On October 6, 2009,

the "Effective Date" of the Modified Plan occurred and the Modified Plan was substantially

consummated. On that date, the Debtors emerged from chapter 11 as reorganized entities (the

"Reorganized Debtors") and many of the corporate entities changed their corporate names.

Upon the Effective Date of the Modified Plan, an injunction was imposed. Specifically, the

Modified Plan and the Modification Approval Order contain a permanent injunction against, among

other things, the commencement or continuation of any action to recover on any claim against the

Debtors that arose on or prior to October 6, 2009. Article 11.14 of the Modified Plan provides that:

> the satisfaction, release, and discharge pursuant to [Article XI of the Modified Plan
> I shall act as an injunction against any Person commencing or continuing any action,
> employment of process, or act to collect, offset, or recover any Claim, Interest, or
> Cause of Action satisfied, released, or discharged under [the Modified] Plan to the
> fullest extent authorized or provided by the Bankruptcy Code . . .

Modified Plan Art. 11.14 (emphasis added). Similarly, paragraph 22 of the Modification Approval

Order provides that:

> the Debtors and all Persons shall be precluded and permanently enjoined on and after
> the Effective Date from (a) commencing or continuing in any manner any Claim,
> action, employment of process, or other proceeding of any kind with respect to any
> Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized
> Debtors, which they possessed or may possess prior to the Effective Date, (b) the
> enforcement, attachment, collection, offset, recoupment, or recovery by any manner
> or means of any judgment, award, decree, order, or otherwise with respect to any
> Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized
> Debtors, which they possessed or may possess prior to the Effective Date, (c)
> creating, perfecting, or enforcing any encumbrance of any kind with respect to any
> Claim, Interest, Cause of Action, or any other right or Claim against the Reorganized
> Debtors, which they possessed or may possess prior to the Effective Date, and (d)
> asserting any Claims, Interests, or Causes of Action that are satisfied, discharged,
> released, or subject to exculpation hereby or by the Modified Plan.

Modification Approval Order ¶ 22. The permanent injunction in the Modified Plan and Modification

Approval Order thus prohibited the commencement or continuation of any action to recover any

claim against the Debtors that arose on or prior to October 6, 2009.

-5-

Furthermore, paragraph 47 of the Modification Approval Order provides in part:

requests for payment of an Administrative [Expense 1 Claim (other than as set forth in the Modified Plan or otherwise contemplated by the Master Disposition Agreement, i.e., for such claims arising on or after June 1, 2009) must be filed, in substantially the form of the Administrative Claim Request Form attached as Exhibit 10.5 to the Modified Plan, with the Claims Agent and served on counsel for the Debtors and the Creditors' Committee no later than 30 days notice of after the Effective Date is filed on the docket of the Chapter 11 Cases [November 5, 2009]. Any request for payment of an Administrative Claim pursuant to this paragraph that is not timely filed and served shall be disallowed automatically without the need for any objection from the Debtors or the Reorganized Debtors.

In compliance with paragraph 47 of the Modification Approval Order, the notice of Effective Date was filed on October 6, 2009 with the Bankruptcy Court in the chapter II cases (the "Effective Date Notice"). Upon the occurrence of the Effective Date on October 6, 2009, the bar date for filing Administrative Expense Claims for claims arising on or after June 1, 2009 was established as November 5, 2009 (the "Final Administrative Expense Bar Date"). As previously noted, notice of the Final Administrative Expense Bar Date was provided to Plaintiff via United States mail on or prior to October 9, 2009 through service of the Effective Date Notice.

**B**

Before his termination, Defendant employed Plaintiff as a Senior Mechanical Engineer III. During his tenure with Defendant, Plaintiff had become a member of Defendant's "Innovation Hall of Fame," had 23 patents and had earned four of those patents between June 2007 and June 2008. Plaintiff had three patents pending at the time of his termination.

On August 20, 2009, Plaintiff was made aware that he was being laid off. Plaintiff, who was 64 years old at the time his employment was terminated, was the oldest mechanical engineer. At the same time Plaintiff's employment was terminated, 115 other employees were notified that their employment was going to be terminated. Plaintiff alleges that of the 116 employees, including

himself, slated to be terminated, 30 retired, 26 were under the age of forty and 90 were over the age of forty. Plaintiff was informed that Defendant selected employees to terminated based on "relative contribution." Plaintiff contends that despite laying off over one hundred employees, Defendant hired younger employees before Plaintiff's discharge and retained younger employees who Plaintiff believed had lower relative contributions. Effective September 1, 2009, Plaintiff's employment was terminated.

## II

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 42, 47 (1957)). If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer. Fed. R. Civ. P. 12(b)(6).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true . . . ." *Id.* at 555–56 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S.

at 570)).  "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III

Defendant contends that Plaintiff cannot state plausible claims for relief and his claim should be dismissed because his claims are barred by the Bankruptcy Court's orders outlined above. Pursuant to the Modification Approval Order, Plaintiff was required to file an Administrative Expense Claim. Plaintiff is asserting that his employment was terminated effective September 1, 2009 in violation of the Age Discrimination in Employment Act. Defendant argues that assertion of this type of claim falls squarely into the types of claims that were required to be filed by the Final Administrative Expense Bar Date as set forth in paragraph 47 of the Modification Approval Order. Plaintiff did not timely file an Administrative Expense Claim on or prior to the Final Administrative Expense Bar Date and Defendant contends that he is now barred from asserting any claim that arose on or after June 1, 2009 against any of the Debtors, including Delphi Corporation, n/k/a DPH Holdings Corp. Any administrative expense claim that may have been assertable by Plaintiff should be automatically disallowed and Defendant requests that this action be dismissed with prejudice.

Moreover, pursuant to the discharge provisions at Article 11.2 of the Modified Plan, Plaintiff may only receive a distribution on any purported claim as provided for by the Modified Plan. Specifically, under II U.S.C. § 1141(d) and pursuant to the terms of the Modification Approval Order and the Modified Plan, upon the Effective Date, all claims against the Debtors that arose on or prior to the Effective Date were discharged. Specifically, Article 11.2 of the Modified Plan provides that:

> the distributions and rights that are provided in [the Modified] Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of

Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to [the Modified] Plan on account of such Claims, rights, and Interests, including, but not limited to, Claims and Interests that arose before the Effective Date.

In addition, upon the effectiveness of the Modified Plan, an injunction was imposed. Specifically, the Modified Plan and the Modification Approval Order contain a permanent injunction against, among other things, the commencement or continuation of any action to recover against any claim against the Debtors that arose on or prior to October 6, 2009. Defendants request that, based on the Modified Plan and Modification Approval Order prohibiting the commencement or continuation of any action to recover any claim against the Debtors that arose on or prior to October 6, 2009, this case should be dismissed as improper.

Plaintiff, however, contends that he has filed a claim of age discrimination which falls under paragraph 20 of the Order Approving Modification of the Joint Plan of Reorganization, which excludes claims for willful misconduct from release or discharge. Article XI of the First Amended Joint Plan of Reorganization of Delphi Corporation reads: Pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in this Plan, Confirmation Order or Modification Approval Order, the distributions and rights that are provided in this Plan shall be in complete satisfaction, discharge and release, of claims and causes of action [of] . . . termination of employment of any employee whether such termination occurred prior to or after the effective date." On July 30, 2009, the Bankruptcy Court entered an Order Approving Modifications Under 11 U.S.C. § 1127(b) to the First Amended Joint Reorganization Plan of Reorganization of Delphi Corporation. Paragraph 20 of the Modification Order states that

the discharge of the Debtors and any of their assets or properties provided in Article

> 11.2 of the Modified Plan . . . are hereby approved as an integral part of the Modified Plan . . . provided, however, notwithstanding anything in this order, the exculpation provisions or releases provided pursuant to Article 11 of the Modified Plan shall have no effect on the liability of any entity that otherwise would result from any action or omission to the extent that such action or omission is determined in a final order to have constituted intentional fraud or willful misconduct.

Plaintiff contends that the instant case could result in a final order of intentional fraud or willful misconduct. Plaintiff submits that willful age discrimination claims, similar to the claim he has brought in the instant case, are governed by the provisions of 29 U.S.C. § 626(b), which is incorporated into the ADEA from the Fair Labor Standards Act of 1938. The FLSA defines liquidated damages as an amount equal to the benefit and wage losses sustained, which requires a two tiered approach: for a simple violation, the employee receives compensatory damages but for a willful violation the plaintiff receives liquidated damages to punish the employer. *Schrand v. Federal Pac. Elec. Co.*, 851 F.2d 152, 158 (6th Cir. 1988). A violation of the ADEA is willful "if the employer . . . knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 119 (1985). Plaintiff contends that he has alleged facts in his complaint that illustrate that his employer knew or showed reckless disregard that their conduct was prohibited by the ADEA and requests that the Court deny Defendant's motion to dismiss.

It its reply, Defendant emphasizes that the Plan Modification order enjoins claims even if they were not discharged in bankruptcy and, based on this language alone, the instant case should not go forward unless Plaintiff obtains an order from the Bankruptcy Court lifting the injunction and allowing him to file a late claim. Defendant also contends that Plaintiff's sole argument that his claim should be excepted from discharge under the Reorganization Plan is insufficient to withstand Defendant's motion because exceptions to discharge are to be narrowly construed in favor of the

debtor, and should be confined to those plainly expressed. *See In re Livingston*, 379 B.R. 711, 720 (Bankr. W.D. Mich. 2007). That Plaintiff's employment was terminated along with a number of other employees suggests a reduction in workforce according to Defendant, and not that Defendant engaged in fraudulent, malicious, or willful conduct that would except Plaintiff's claims from discharge.

Defendant alternatively requests that this Court hold the instant matter in abeyance unless and until Plaintiff obtains relief from the Bankruptcy Court's order enjoining pre-Effective Date claims. *See, e.g.*, *In re Padilla*, 84 B.R. 194, 197-98 (Bankr. D. Col. 1987) (finding bankruptcy court had exclusive jurisdiction to determine statutory questions of discharge). As stated by the United States Supreme Court in *Celotex Corp. v. Edwards*, " 'persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed . . . .' " 514 U.S. 300, 300 (1995) (quoting *GTE Sylvania, Inc. v. Consumers Union of United States, Inc*., 445 U.S. 375, 386 (1980). By continuing to pursue its claims in this Court by arguing that the Bankruptcy Court injunction does not apply or need not be followed, Defendant believes that Plaintiff is engaging in an improper collateral attack on the Modification Approval Order –an action that the Supreme Court found impermissible in *Celotex*. Defendant argues that Plaintiff should address any complaint it has with the plan injunction in the Bankruptcy Court–not this Court. Thus, until Plaintiff takes action in the Bankruptcy Court, this Court should honor the plan injunction and hold this action in abeyance until further order of the Bankruptcy Court.

While Plaintiff has not identified any statutory exception to discharge, the Bankruptcy Court also retained exclusive jurisdiction under the confirmed Reorganization Plan to hear and determine all disputes involving the existence, nature or scope of the Debtors' discharge and to enforce all

orders previously entered by the Court, including the injunction issued in the Delphi reorganization. Moreover, bankruptcy courts have special expertise in matters relating to dischargeability, which suggests that the bankruptcy court should be the preferred forum in which to litigate dischargeability issues. *See* Helbling & Klein, <u>The Emerging Harmless Innocent Omission Defense to Nondischargeability Under Bankruptcy Code</u>, §523(a)(3)(A), 69 Am. Bankr. L.J. at 49, 61, note 9.

The judge presiding over Defendant's case in the Bankruptcy Court has also already decided a case involving salaried retirees of DPH Holdings Corporation against the "new General Motors" (the entity that emerged from GM's bankruptcy), who claimed that the new GM's decision not to "top up" their pensions as GM had "topped up" the pensions of hourly employees constituted "willful" and "malicious" behavior. The DPH Holdings Corporation retirees filed a lawsuit in the United States District Court for the Eastern District of Michigan. GM brought an action in the bankruptcy court, asking the court to rule that the retirees' federal district court action violated the plan injunction and the release and exculpation provisions of the plan. The Bankruptcy Court noted that ". . . it's well-recognized that, quote, 'a bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders, including those providing for discharge and injunction and therefore should not abstain from doing so.' " (Def.'s Reply Br. Ex. B at 15.) The Bankruptcy Court went on to find that the record did not show the requisite willful misconduct by GM, such as to trigger an exception to dischargeability. The Bankruptcy Court noted in its conclusion that an order would be issued "declaring that the continued prosecution of the Michigan District Court action by the retirees against New GM violates the plan injunction and may not proceed." (*Id.*)

Because Plaintiff was provided the requisite notices, Defendant submits that it does not foresee the Bankruptcy Court granting Plaintiff an exception to dischargeability. Instead, Defendant

believes that the Bankruptcy Court will deem Plaintiffs claims barred and require Plaintiff to dismiss the lawsuit, just as the Bankruptcy Court has required another former employee to dismiss a lawsuit brought in this Court alleging claims under ERISA. *See Leigh Ochoa v. DPH Holdings Corp.*, Case No. 09-14383. In that matter, the Bankruptcy Court enforced the injunction and required the former employee "to take such action as is necessary to immediately dismiss the Michigan Action." (Def.'s Mot. to Dismiss Ex. 4.) By continuing to pursue its claims in this case, effectively arguing that the Bankruptcy Court injunction does not apply or need not be followed, Plaintiff is engaging in an improper collateral attack on the Modification Approval Order. Thus, until Plaintiff takes action in the Bankruptcy Court, Defendant requests that this Court should hold the instant action in abeyance until further order of the Bankruptcy Court. Plaintiff did not provide a response to Defendant's motion to hold the proceedings in abeyance.

## VI

At this juncture, the Court finds it appropriate to hold the proceedings in abeyance to allow Plaintiff to request relief from the Bankruptcy Court's order enjoining claims against Defendant.

Accordingly it is **ORDERED** that Defendant's motion to dismiss or to hold proceedings in abeyance [Dkt. #6] is **GRANTED IN PART**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to request relief from the Bankruptcy Court's order enjoining claims against Defendant within **sixty days** from the date of this order

It is further **ORDERED** that the parties are **DIRECTED** to file supplemental briefing, not to exceed ten pages, within fourteen days of resolution of the request for relief from the Bankruptcy Court.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this

-13-

case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

s/Thomas L. Ludington

THOMAS L. LUDINGTON
United States District Judge

Dated: June 13, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 13, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS