UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RATKO MENJAK,

          Plaintiff,

Case No. 11-10419
Honorable Thomas L. Ludington

v.

DELPHI CORPORATION,

          Defendant.

_____/

**ORDER GRANTING DEFENDANT'S RENEWED MOTION TO DISMISS**

Plaintiff Ratko Menjak filed a complaint against Defendant Delphi Automotive Corporation on February 2, 2011. Plaintiff claimed that Defendant terminated his employment in violation of the Age Discrimination in Employment Act. Defendant has filed a renewed motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). Because Plaintiff cannot state a claim for relief for his September 2009 termination, Defendant's motion will be granted.

**I**

Plaintiff was a 64-year-old mechanical engineer working for Defendant when he was laid off in September 2009. He led Defendant's engineer corps with four patents between June 2007 and June 2008, twenty-three patents over his career, and had been inducted into Defendant's "Innovation Hall of Fame." Plaintiff had three additional patents pending at the time of his termination. Although Defendant laid off employees based on "relative contribution," Plaintiff claims that he was replaced by a younger engineer who had contributed less to the company.

Years before Plaintiff was laid off, Defendant filed for reorganization under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern

District of New York. On December 10, 2007, in the chapter 11 case *In re Delphi Corporation, et al.*, Case No. 05-44481 (Bankr. S.D.N.Y.) (n/k/a/ *In re DPH Holdings Corp., et al.*), Defendant filed a plan of reorganization. On January 25, 2008, the Bankruptcy Court confirmed the plan, which became final on February 4, 2008.

On June 16, 2009, Defendant filed a modified plan, which altered the confirmed plan from the previous year. The Bankruptcy Court entered a Modified Approval Order on July 30, 2009, and the modified plan went into effect on October 6, 2009. On that date, a permanent injunction was imposed by the Bankruptcy Court. The injunction prohibited the commencement or continuation of any action against Defendant to recover on any claim that arose on or prior to October 6, 2009. Modification Approval Order ¶ 22. The Bankruptcy Court's Order also established a bar date for filing claims arising between June 1 and October 6, 2009. That date was November 5, 2009. Def.'s Mot. 6, ECF No. 6. Due and proper notice of these dates was provided to Plaintiff on or before October 9, 2009. *Id*. Plaintiff failed to file a claim for his September 2009 termination before November 5, 2009.

Instead, Plaintiff filed suit in this Court in February 2011. In March, Defendant filed a motion to dismiss Plaintiff's claims, or in the alternative, to hold proceedings in abeyance. Defendant argued that Plaintiff's complaint was barred by the Bankruptcy Court's injunction, as his claim arose prior to October 6, 2009. Plaintiff, on the other hand, alleged his claim was saved by Paragraph 20 of the Modified Plan Order, which provided an exception for claims of "fraud or willful misconduct." Pl.'s Resp. 5, ECF No. 8.

On June 13, 2011, this Court ordered the proceedings to be held in abeyance, and directed Plaintiff to request relief from the Bankruptcy Court's order enjoining his claims. ECF No. 10. Plaintiff was given sixty days in which to comply. He did not.

Almost six months later, on December 9, Plaintiff finally filed a motion in the Bankruptcy Court for relief from the injunction, again claiming that Paragraph 20 of the Modified Plan Order salvaged his claim. The Bankruptcy Court conducted a hearing on Plaintiff's motion on February 16, 2012. The motion was denied in an order dated July 3, 2012. The Bankruptcy Court noted that Plaintiff's claim was barred, and that paragraph 20 of the Plan Modifications Order was "inapplicable to his claim." Def.'s Ren. Mot. Ex. C, ECF No. 11. Defendant then renewed its motion to dismiss before this Court.

## II

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement showing that the pleader is entitled to relief." This standard does not require "detailed factual allegations," but it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). A claim is plausible when the plaintiff pleads factual content sufficient to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, and accept all factual allegations as true. *Twombly*, 550 U.S. at 570.

### III

In this case, Plaintiff has not and cannot state a claim for relief. The Bankruptcy Court announced that his claim is barred by the injunction, that he had failed to file within the final Administrative Expense Bar Date, and that the provision allowing for claims of fraud or willful misconduct did not apply.

Bankruptcy Courts have special expertise in matters relating to dischargeability, which suggests that the Bankruptcy Court is the preferred forum in which to litigate those issues. *See* Helbling & Klein, *The Emerging Harmless Innocent Omission Defense to Nondischargeability Under Bankruptcy Code*, §523(a)(3)(A), 69 Am. Bankr. L.J. at 49, 61 n.9. Here, Plaintiff took his claim to the Bankruptcy Court, and it was denied. Plaintiff failed to file a timely claim, and any claims he may have had are now barred. This Court will not disturb the Bankruptcy Court's finding on this issue. The Bankruptcy Court also found that Plaintiff's fraud or willful misconduct claim untenable, and that the applicable exception did not save his claims. Again, this finding will not be disturbed. Plaintiff's claims are barred by the injunction included in Defendant's Modified Reorganization Plan. He cannot state a claim for relief, and his complaint will be dismissed.

### IV

Accordingly, it is **ORDERED** that this case is reopened for judgment.

It is further **ORDERED** that Defendant's renewed motion to dismiss, ECF No. 11, is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** with prejudice.

- 5 -

This is a final order, and closes the case.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: September 21, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 21, 2012.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS